UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| DAVID G. LAFOND, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) Case No. 09-2222 |
| CITY OF KANKAKEE, | ) |
| an Illinois municipal, and | ) |
| MELVIN CALVIN, | ) |
| | ) |
| Defendants. | ) |

# REPORT AND RECOMMENDATION

In December 2008, Plaintiff David LaFond filed a complaint in the Circuit Court for the Twenty-First Judicial Circuit of Illinois, Kankakee County, Illinois, against Defendants City of Kankakee and Melvina Calvin. In August 2009, Plaintiff filed an amended complaint, alleging violations of state and federal law. In September 2009, Defendant removed the case to federal court. (#1, Notice of Removal.) Federal jurisdiction is based on federal question pursuant to 28 U.S.C. § 1331 because Plaintiff has alleged violations of the United States Constitution and federal law.

In September 2009, Defendants filed a Motion To Dismiss (#4). In October 2009, Plaintiffs filed a Response to Motion To Dismiss (#14). After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendants' Motion To Dismiss **(#4)** be **GRANTED** in part and **DENIED** in part.

### I. Background
### A. Factual Background

The following background is taken from the amended complaint (#1, pp. 69-76). At relevant times, Defendant Calvin worked as a police officer for the City of Kankakee.

Plaintiff alleges that he was present in the area of West Court Street in Kankakee on December 8, 2007. At the same time, Defendant Calvin was on duty working as a police officer when she heard over her radio that other police officers were pursuing an individual on foot in the West Court Street area. Calvin drove to the area and saw Plaintiff on the street. Without knowing whether Plaintiff was the person being pursued by other police officers, Calvin deliberately drove her car at a high rate of speed and intentionally struck Plaintiff with her police car to stop him. As a result, Plaintiff sustained injuries.

Plaintiff's amended complaint alleges six counts, as follows: Count I, against Defendant Calvin, alleges that Calvin owed Plaintiff a duty not to strike or injure persons on a public roadway, and she breached that duty when she deliberately and intentionally struck Plaintiff with her car. Count II, brought against Calvin pursuant to Section 1983 (42 U.S.C. § 1983), alleges that Calvin used excess force when she attempted to stop Plaintiff with her car. Count III, against Defendant City of Kankakee, alleges that the City failed to properly train and supervise its officers regarding operating a police car, resulting in Calvin's act of striking Plaintiff with her car. Count IV, against Defendant City, alleges that the City failed to properly train and supervise its officers regarding the use of reasonably necessary force, resulting in Calvin's act of striking Plaintiff with her car. Count V, against Calvin, alleges that Calvin owed Plaintiff a special duty to exercise care on behalf of Plaintiff so that he would not be harmed and breached that duty when she struck Plaintiff with her police car. Count VI, against the City, alleges that the City owed Plaintiff a special duty to exercise care on Plaintiff's behalf so that he would not be harmed and breached that duty by failing to train Calvin "concerning the exercise of care of police officers in control of persons." (#1, p. 76.)

Plaintiff expressly alleged that Count II raised a claim pursuant to Section 1983. The remaining claims do not refer to Section 1983, however, Count IV alleges that Defendant City of Kankakee failed to properly train and supervise its officers regarding the use of reasonably necessary force. The Court construes Count IV as attempting to raise a constitutional claim that the City violated Plaintiff's constitutional right to be free from excess force based on its failure

to adequately train and supervise its officers, including Calvin. The Court construes Counts I, III, V, and VI as raising state law claims.

### B. Procedural Background

Plaintiff first filed a complaint in state court, alleging that Defendant Calvin acted willfully and wantonly when she intentionally struck Plaintiff with her police car. Plaintiff alleged that Calvin's act constituted excess force and she violated the duty she owed Plaintiff not to strike or injure an individual on a public roadway. The complaint also alleges that Defendant City of Kankakee failed to properly train or supervise Calvin concerning the operation of a motor vehicle and the reasonable use of force. As a result, Calvin struck Plaintiff with her police car, causing him injury.

While the case was pending in state court, Defendants filed a motion to dismiss which the state court granted based on the reasoning in *McElmeel v. Village of Hoffman Estates*, 835 N.E.2d 183 (Ill. App. Ct. 2005), and also because the complaint was "at times unclear as to the actual theory or theories being alleged and thus, the Court is unable to determine whether some of the allegations may need to be pled in separate counts." (#1, p. 68, Memorandum of Decision.) The court allowed Plaintiff to amend his complaint to clarify the bases for the claims. Plaintiff filed an amended complaint which this Court has described in the previous section. Defendants subsequently removed the case to federal court.

### II. Standard

The purpose of a motion to dismiss for failure to state a claim is to test the sufficiency of the complaint, not to decide the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The United States Supreme Court has interpreted this language to impose two "easy-to-clear hurdles": First, the plaintiff must plead sufficient facts to give a defendant fair notice of the claim and the grounds upon which it rests, and second, those facts, if true, must plausibly suggest that the plaintiff is entitled to relief, "raising that possibility above a 'speculative level'."

*E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).

When considering a motion to dismiss for failure to state a claim, the Court is limited to the allegations contained in the pleadings. *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993). Furthermore, the Court must treat all well-pleaded allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor. *McMillan v. Collection Prof'ls, Inc.,* 455 F.3d 754, 758 (7th Cir. 2006); *see Bell Atl.*, 550 U.S. at 556 (requiring plausible grounds for inferences if those inferences are to sustain a complaint). A claim is sufficient only to the extent that it "'contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory'." *Bell Atl.,* 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1106 (7th Cir. 1984)).

### III. Analysis

Defendants argue that the Court should dismiss the claims in Counts III, IV, V, and VI for the following reasons: (1) Defendant City of Kankakee is immune to liability in Count III pursuant to 745 ILCS 10/4-102; (2) Plaintiff failed to state a claim in Count IV because Count IV contains no allegations that establish a basis for municipal liability; and (3) Counts V and VI fail to state claims because Defendants owed Plaintiff no "special duty."

### A. Count III

Defendants argue that the Court should dismiss Count III because Defendant City of Kankakee is immune from liability based on Section 4-102 of the Illinois Local Governmental and Governmental Employees Tort Immunity Act (hereinafter "Tort Immunity Act") (745 ILCS 10/4-102) and the Illinois Supreme Court holding in *DeSmet v. County of Rock Island*, 848 N.E.2d 1030 (Ill. 2006).

Section 4-102 immunizes local public entities for failing to establish a police department or otherwise provide police protection or for failing to provide adequate police protection service

if police protection service is provided. 745 ILCS 10/4-102. Defendants rely on the language in *DeSmet*, contending that the court in that case found that "allegations that a local unit of government failed to train and supervise its employees 'implicate the structural adequacy of police protection services that defendants provided to the general public'." (#4, p. 3, citing *DeSmet*, 848 N.E. 2d at 1041.)

Plaintiff responds that Section 4-102 does not apply because Count III does not allege a claim based on the provision or adequacy of police protection. Instead, Plaintiff contends that "[t]his case fits into the criteria as set forth in section 2-202." (#14, p. 3.) Section 2-202 provides that "[a] public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct." 745 ILCS 10/2-202.

Section 2-202 applies to public employees. However, Count III alleges claims against a public entity, the City, not a public employee. Specifically, Count III alleges claims based on the City's willful and wanton conduct, including: (1) a *respondeat superior* claim against the City based on Defendant Calvin's conduct that occurred while she was enforcing the law; and (2) a claim based on the City's own conduct of failing to train and supervise Calvin regarding operating police vehicles. Section 4-102 clearly does not apply to the portion of Count III that is based on the doctrine of *respondeat superior*.

The remaining portion of Count III alleges liability based on the City's failure to train and supervise Calvin. Regarding this issue, in *DeSmet,* the court stated, in pertinent part, as follows:

> Plaintiff alleges that the defendants "[f]ailed to train and supervise . . . employees" and "failed to have in force procedures which would ensure that all emergency calls for assistance are responded to in a timely fashion." Those allegations implicate the structural adequacy of police protection services that defendants provided to the general public. In essence, plaintiff alleges that those inadequacies resulted in a failure "to obtain sufficient information concerning decedent's motor vehicle accident," a failure "to timely dispatch appropriate law

5

>enforcement personnel," and a failure "to timely dispatch emergency medical personnel." Thus, plaintiff's allegations implicate the adequacy of services provided to the general public-services that are intended to determine whether and when police officers will be dispatched into the community in response to specific calls for assistance.

*DeSmet*, 848 N.E.2d at 1041. In addition, the court stated: "As we will explain hereafter, when officers do respond to the scene of a call for assistance, different rules of immunity may apply." *Id.* This language shows that, contrary to Defendant's implication, a claim based on failure to train does not always "implicate the structural adequacy of police protection services that the defendants in *DeSmet* provided." *Id.* Instead, courts must consider the particular areas where the training was purportedly lacking to determine whether Section 4-102 provides absolute immunity for the conduct of the public entity.

Here, Plaintiff has alleged that the City failed to train Defendant Calvin concerning the operation of a motor vehicle. The failure to train claim in this case is based on the manner in which the City provided police protection services, not the City's failure to provide those services. As a result, Section 4-102 does not apply to the failure to train claim and the Court recommends denying the motion to dismiss Count III.

### B. Count IV

Defendants next argue that the Court should dismiss Count IV because it fails to include any allegations that establish a basis for municipal liability or any allegations of deliberate indifference.

Plaintiff responds that Count IV alleges that Defendant City of Kankakee owed a duty to properly train and supervise its police officers regarding the use of reasonably necessary force and the City breached this duty. Plaintiff contends that this language is sufficient to avoid dismissal at this stage.

The Court has construed Court IV as raising a constitutional claim against Defendant City of Kankakee. A municipal entity can be held liable for a deprivation of an individual's

constitutional rights only if the individual can show the existence of a municipal policy or custom and a sufficient causal link between the policy or custom and the constitutional deprivation. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-94 (1978). In addition, as Defendants point out, "the inadequacy of police training may serve as the basis for § 1983 liability *only* where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989) (emphasis added).

It is well-settled that a plaintiff must allege a basis for municipal liability to state a claim pursuant to Section 1983. To allege that a municipal entity has violated an individual's rights pursuant to Section 1983, a plaintiff must allege that (1) the defendant had an express policy that, when enforced, caused a constitutional deprivation; (2) the defendant had a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; or (3) a person with final policymaking authority caused the plaintiff's constitutional injury. *McCormick v. City of Chi.*, 230 F.3d 319, 324 (7th Cir. 2000).

A failure to train police officers will be characterized as a municipal policy for purposes of municipal liability only in limited circumstances. *Robles v. City of Fort Wayne,* 113 F.3d 732, 735 (7th Cir. 1997). The Supreme Court's holding in *Canton v. Harris* limits such claims to instances "where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *Canton*, 489 U.S. at 388. After the *Canton* case, the Seventh Circuit stated that a finding of deliberate indifference requires that "liability be based on a finding that the policymakers have actual or constructive notice that a particular omission . . . is likely to result in constitutional violations." *Cornfield by Lewis v. Consol. Sch. Dist. No. 230*, 991 F.2d 1316, 1327 (7th Cir. 1993).

In this case, Plaintiff's claim of a constitutional violation based on Defendant's failure to train arises out of a single incident. In the absence of any allegations of previous incidents, that is insufficient to allege that Defendant was deliberately indifferent to potential constitutional violations. It does not necessarily follow that if police officers have acted improperly they must have been inadequately trained. *See e.g., Ibanez v. Velasco*, No. 96 C 5900, 1997 WL 467286, *2 (N.D. Ill. Aug. 13, 1997) (unreported) ("Allegations of a single incident of unconstitutional conduct usually cannot form a sufficient basis for establishing a policy of unconstitutional actions.").

Here, Plaintiff has failed to allege deliberate indifference or a municipal policy or custom. As a result, Plaintiff's allegations in Count IV are insufficient to state a claim and the Court recommends dismissing Count IV and allowing Plaintiff leave to amend the claim.

### C. Counts V and VI

Defendants next argue that the Court should dismiss Counts V and VI for failure to state a claim because Illinois law no longer recognizes a "special duty." *See Zimmerman v. Vill. of Skokie*, 697 N.E.2d 699, 702 (Ill. 1998) (stating that the "imposition of a special duty exception to override the legislatively created governmental immunities in the Tort Immunity Act" violates the Illinois Constitution).

Plaintiff acknowledges that Illinois law no longer recognizes a "special duty"; nevertheless, Plaintiff contends that the Illinois Supreme Court recognizes a fact-specific application of Section 2-202 of the Tort Immunity Act that is similar to the special duty doctrine. Plaintiff contends that his claims in Counts V and VI qualify as fact-specific situations that should survive a motion to dismiss. In support, Plaintiff relies on case law including *DeSmet* and *Doe v. Calumet*, 641 N.E.2d 498 (Ill. 1994) (*overruled on other grounds by In re Chi. Flood Litig.*, 680 N.E.2d 265, 273 (Ill. 1997)).

In *DeSmet*, the Illinois Supreme Court acknowledged that *Doe* involved a "fact-specific application" that was strikingly similar to the special duty exception to the public duty rule. *DeSmet*, 848 N.E.2d at 1044. The Court then noted that the special duty exception requires that (1) the municipality must be uniquely aware of the particular danger or risk to which the plaintiff is exposed; (2) there must be specific acts or omissions on the part of the municipality; (3) the specific acts must be affirmative or willful in nature; and (4) the injury must occur while the plaintiff is under the direct and immediate control of municipal employees or agents. *Id.* (citing *Doe*, 641 N.E.2d at 505). *See Sparks v. Starks*, 856 N.E.2d 575, 578 (Ill. App. Ct. 2006) (stating that *Doe* required that the offending conduct must occur "when the plaintiff is under the direct and immediate control of the defendant police officer," and the *DeSmet* court found that section 2-202 did not operate in that case as an exception to section 4-102 because the *DeSmet* defendants did not execute control over the plaintiff").

Plaintiff has alleged that a police officer intentionally struck a pedestrian. He contends that this fact situation should survive the motion to dismiss based on the reasoning in *Doe*.

The Court disagrees with Plaintiff. As noted above, the *Doe* decision relied heavily on the fact that the defendant in that case had control of the situation that resulted in the injury. In contrast, among other things, here Plaintiff was clearly not "under the direct and immediate control" of Defendants at the time of his injury. Accordingly, Counts V and VI do not allege fact-specific applications that are sufficient to avoid dismissal for failure to state a claim. In addition, as Plaintiff noted, he cannot state a claim based on the special duty doctrine. As a result, this Court recommends dismissing Counts V and VI.

### IV.  Summary

For the reasons stated above, this Court recommends that Defendants' Motion To Dismiss **(#4)** be **DENIED** as to Count III and **GRANTED** as to Counts IV, V, and VI. Because Plaintiff can conceivably state a claim in Count IV, the Court recommends that Plaintiff be given leave to amend that claim.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within 14 working days after being served with a copy of this Report and Recommendation.  See 28 U.S.C. § 636(b)(1).  Failure to object will constitute a waiver of objections on appeal.  *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 7th day of December, 2009.

                                                s/ DAVID G. BERNTHAL
                                                U.S. MAGISTRATE JUDGE