E-FILED
Friday, 23 April, 2010  03:11:07 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
**Urbana Division**

| | | |
|---|---|---|
| **DAVID G. LAFOND,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | |
| | ) | Case No. 09-2222 |
| **CITY OF KANKAKEE,** | ) | |
| an Illinois municipal, and | ) | |
| **MELVIN CALVIN,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# REPORT AND RECOMMENDATION

In December 2008, Plaintiff David LaFond filed a complaint in the Circuit Court for the Twenty-First Judicial Circuit of Illinois, Kankakee County, Illinois, against Defendants City of Kankakee and Melvina Calvin. In August 2009, Plaintiff filed an amended complaint, alleging violations of state and federal law. In September 2009, Defendant removed the case to federal court. (#1, Notice of Removal.) Plaintiff filed his Second Amended Complaint (#30) in February 2010. Federal jurisdiction is based on federal question pursuant to 28 U.S.C. § 1331 because Plaintiff has alleged violations of the United States Constitution.

In March 2010, Defendants filed a Motion To Dismiss Count IV of Plaintiff's Second Amended Complaint (#31). Plaintiff subsequently filed a Response to Motion To Dismiss Count IV of Plaintiff's Second Amended Complaint (#35). After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendants' Motion To Dismiss **(#31)** be **GRANTED**.

## I. Background

Plaintiff's amended complaint alleges six counts; Defendants' motion addresses only Count IV. Count IV, against Defendant City, alleges that the City failed to properly train and supervise its officers regarding the use of reasonably necessary force, resulting in Defendant Calvin's act of striking Plaintiff with her car. The Court construes Count IV as attempting to raise a constitutional claim that the City violated Plaintiff's constitutional right to be free from

excess force based on its failure to adequately train and supervise its officers, including Defendant Calvin, a City of Kankakee police officer.

## II.  Standard

The purpose of a motion to dismiss for failure to state a claim is to test the sufficiency of the complaint, not to decide the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990).  Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  The United States Supreme Court has interpreted this language to impose two "easy-to-clear hurdles":  First, the plaintiff must plead sufficient facts to give a defendant fair notice of the claim and the grounds upon which it rests, and second, those facts, if true, must plausibly suggest that the plaintiff is entitled to relief, "raising that possibility above a 'speculative level.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007) (citing *Bell Atl. Corp. v Twombly,* 550 U.S. 544, 555 (2007)).  Last year, the Supreme Court reaffirmed this standard, stating that, to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (internal quotations omitted).

When considering a motion to dismiss for failure to state a claim, the Court is limited to the allegations contained in the pleadings. *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993).  Furthermore, the Court must treat all well-pleaded allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor. *McMillan v. Collection Prof'ls, Inc.,* 455 F.3d 754, 758 (7th Cir. 2006); *see Bell Atl.*, 550 U.S. at 556 (requiring plausible grounds for inferences if those inferences are to sustain a complaint).  A claim is sufficient only to the extent that it "'contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory.'" *Bell Atl.,* 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1106 (7th Cir. 1984)).

### III.  Analysis

In its previous motion to dismiss, Defendants argued that the Court should dismiss Count IV because it failed to include any allegations that establish a basis for municipal liability or any allegations of deliberate indifference.  The Court agreed.  Defendants now raise the same arguments regarding the second amended complaint.

Count IV alleges that Defendant City of Kankakee owed a duty to persons in the City of Kankakee, including Plaintiff, to properly train and supervise its police officers concerning the use of reasonably necessary force.  (#30, ¶ 18.)  In Paragraph 19 of his previous complaint, Plaintiff alleged that Defendant City breached this duty because it "failed to properly train the Defendant, Melvina Calvin, concerning the reasonable use of force."  (#1, ¶ 19.)  However, in his second amended complaint, Plaintiff alleges that Defendant City breached this duty because Defendant "had a widespread practice of not properly training the police so that such practice amounted to a deliberate indifference to the rights of persons with whom the police came into contact."  (#30, ¶ 19.)

A failure to train police officers will be characterized as a municipal policy for purposes of municipal liability only in limited circumstances.  *Robles v. City of Fort Wayne,* 113 F.3d 732, 735 (7th Cir. 1997).  The allegation in the revised complaint refers to a widespread practice of not properly training the police that amounted to deliberate indifference.  On its face, this appears to allege a basis for municipal liability.  *See McCormick v. City of Chi.*, 230 F.3d 319, 324 (7th Cir. 2000) (stating that a plaintiff may establish a basis for municipal liability by alleging, among other things, that the defendant had a widespread practice that is so permanent and well settled as to constitute a custom or usage with the force of law).  However, a plaintiff's obligation to provide the "grounds" of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.  *Bell Atl.*, 550 U.S. at 545.

It does not necessarily follow that if police officers have acted improperly they must have been inadequately trained.  To ensure that isolated instances of misconduct are not attributable to

3

a generally adequate policy or training program, courts require a high degree of culpability on the part of the policymaker. *Cornfield by Lewis v. Consol. Sch. Dist. No. 230*, 991 F.2d 1316, 1327 (7th Cir. 1993) (stating that a finding of deliberate indifference requires that "liability be based on a finding that the policymakers have actual or constructive notice that a particular omission . . . is likely to result in constitutional violations"). Therefore, a single incident generally cannot form the basis for a constitutional claim of failure to train. *See, e.g., Ibanez v. Velasco*, No. 96 C 5900, 1997 WL 467286, *2 (N.D. Ill. Aug. 13, 1997) (unreported) ("Allegations of a single incident of unconstitutional conduct usually cannot form a sufficient basis for establishing a policy of unconstitutional actions.").

Here, in the absence of any allegations of previous incidents, Plaintiff's allegation of a single incident does not raise his failure to train claim above a speculative level. *See Iqbal*, 129 S. Ct. at 1949; *Bell Atl.,* 550 U.S. at 555. Accordingly, the Court recommends granting Defendant's motion to dismiss Count IV.

### IV.  Summary

For the reasons stated above, this Court recommends that Defendants' Motion To Dismiss Count IV of Plaintiff's Second Amended Complaint **(#31)** be **GRANTED** as to Count IV. Because Plaintiff can conceivably state a claim in Count IV, the Court recommends that Plaintiff be given another opportunity to amend that claim.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within 14 days after being served with a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 23rd day of April, 2010.

                                                                  s/ DAVID G. BERNTHAL
                                                                  U.S. MAGISTRATE JUDGE